UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY WOOD, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:11CV2139 ERW |
| SEAN SCHOEPFLIN, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiffs' Motion for Summary Judgment on All Counts of their Complaint against Defendant Sean Schoepflin" [ECF No. 71].

**I.      PROCEDURAL BACKGROUND**

Plaintiffs Ashley Wood ("Wood"), Mike Bernstein ("Bernstein"), William Doyle II ("Doyle"), Joseph Butler ("Butler"), and Shaun Ridgel ("Ridgel"), on behalf of themselves and all other similarly situated (collectively referred to as "Plaintiffs"), filed a Complaint against Defendants GN Development & Management, LLC ("GN Development"), and Sean Schoepflin (Schoepflin), seeking to recover unpaid wages, and alleging that, among other unlawful pay practices, Defendants failed to pay Plaintiffs for overtime hours worked, and at a rate equal to Federal Minimum Wage [ECF No. 1].

Schoepflin filed an Answer to Plaintiffs' Complaint, but GN Development failed to respond to the pleading.  On October 11, 2012, the Court ordered Plaintiffs' counsel, Schoepflin, or legal counsel for GN Development, to appear before it on November 1, 2012, at 10:30 a.m., warning GN Development that judgment likely would be entered at that time against it [ECF No. 50].  A copy of this Order was sent by U.S. and Certified Mail to GN Development.  When the Order was returned as undeliverable, the document was resent to Schoepflin, GN Development's

registered agent. Thereafter, on October 30, 2012, Schoepflin and GN Development filed a Motion to Continue Default Hearing [ECF No. 52]. In this Motion to Continue, Schoepflin indicated that he would be unable to attend the November 1 hearing, and asked if the hearing could be rescheduled or if he could participate by telephone. Schoepflin further stated his understanding that, although GN Development could not proceed without legal representation, he could represent himself pro se, and Schoepflin indicated he was prepared to do so. Schoepflin provided a telephone number, and the following address as contact information: 1208 N. Alvernon, Tucson, Arizona 85712. On October 31, 2012, the deputy clerk contacted Schoepflin via the provided telephone number, and notified Schoepflin that the Court had denied his request to continue the default hearing, but had granted him leave to appear by telephone. The deputy clerk advised Schoepflin that he would call him on November 1, 2012, at approximately 10:25 a.m.

On November 1, four attempts were made to contact Schoepflin at the provided telephone number, but Schoepflin did not answer. The Court proceeded with the hearing. After hearing Plaintiff's argument, the Court found GN Development to be in default, and entered default judgment against it, leaving Schoepflin as the only remaining defendant[1] [ECF Nos. 54, 55]. A

---

[1] On November 1, 2012, the Court issued an Order and Judgment, granting Plaintiffs' Motion for Entry of Default Judgment Against Defendant GN Development & Management, LLC and Plaintiffs' Motion for Attorney Fees [ECF No. 55]. The Court further ordered that judgment be entered on Counts I-V of Plaintiffs' Complaint against Defendant GN Development in the amount of $255,067.94 in damages and attorney's fees, which was the sum of $96,548.92 in unpaid overtime; $13,796.80 in unpaid minimum wages; $110,345.72 in liquidated damages; and $34,376.50 in attorney's fees ands costs. The Court's ruling on Plaintiffs' present summary judgment motion against Schoepflin finally determines the rights of all parties and disposes of all claims in this matter; therefore, the Court shall enter judgment accordingly on this date against Defendant GN Defendant GN Development and Schoepflin, jointly and severally.

2

Rule 16 Conference was held in person and by phone on December 12, 2012, and a Case Management Order was issued [ECF No. 60].

Thereafter, the case was referred to Alternative Dispute Resolution ("ADR") for Mediation, and Ronald G. Wiesenthal was appointed as Neutral on March 12, 2013 [ECF Nos. 61-64, 67-69].  On April 8, 2013, the Neutral filed an ADR Compliance Report with the Court, reporting that, although a final ADR conference had been scheduled for that date, the conference had not occurred because Schoepflin failed to appear as ordered [ECF No. 70].

Plaintiffs then filed their Motion for Summary Judgment on June 28, which they served on Schoepflin via electronic mail on June 26, 2013 [ECF No. 71, 72].  On July 8, the Court ordered Schoepflin to file a Response to Plaintiffs' summary judgment motion no later than July 25; however, a copy of this Docket Text Order sent to Schoepflin was returned as undeliverable on July 16, 2013 [ECF No. 73, 74].  A new address could not be verified, and the mailing was not resent.  On July 30, the Court issued an Order to Show Cause, directing Schoepflin to show cause, no later than August 9, 2013, why Plaintiffs' Motion for Summary Judgment should not be granted [ECF No. 75].  This mailing also was returned as undeliverable, on August 8, 2013; a new address could not be verified, and the Order to Show Cause was not resent [ECF No. 76].  Schoepflin has not filed a Response to the summary judgment motion or responded to the show cause order.

## II.     STATEMENT OF UNCONTROVERTED FACTS

Because Schoepflin did not respond to Plaintiffs' motion for summary judgment, the Court adopts Plaintiffs' Statement of Uncontroverted Facts [ECF No. 71-2].  *See* E.D.Mo. L.R. 7-4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.");

E.D.Mo. L,R. 7-4.01(F) ("A party opposing a motion for summary judgment under Fed. R. Civ. P. 56 shall file a memorandum and any appropriate documentary evidence twenty-one (21) days after being served with the motion.").

GN Development and Schoepflin hired Plaintiffs as store clerks between 2010 and 2011; Plaintiffs were assigned to perform store clerk duties at various stores operated by Defendants in malls located in Missouri, Illinois, or Arizona [ECF No. 71-2]. Among other things, Plaintiffs variously conducted inventory, provided customer service to Defendants' customers by greeting them and helping them, served in Defendants' 24-hour call center, and coordinated employee schedules. Plaintiffs worked in excess of forty hours weekly without compensation for overtime; frequently used personal vehicles to deliver Defendants' products without compensation for mileage, fuel, or time spent traveling; and attended mandatory meetings without compensation. Plaintiffs did not have the authority to hire, fire, or discipline any employees in their roles as store clerks. Plaintiffs were not compensated according to the Federal Minimum Wage rate, nor were they compensated for any overtime hours they worked. Defendants owe Wood $25,288.76; Bernstein $26,832.96; Doyle $23,712.00; Butler $27,129.00; and Ridgel $7,382.40, in unpaid compensation.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

support the fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment will not lie if a genuine dispute about a material fact is shown; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the Court may not make credibility determinations, weigh the evidence, or draw inferences from the facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

To satisfy his initial responsibility, the movant must inform the court of the basis for his motion and must identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. *Id.* at 1042. Once the moving party has discharged the requisite evidentiary burden, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* (citations omitted). If the nonmovant fails to produce such evidence, summary judgment in favor of the moving party is proper. *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**IV.    DISCUSSION**

In their Motion for Summary Judgment, Plaintiffs claim the uncontroverted facts demonstrate that Defendants failed to pay Plaintiffs for overtime hours worked, and at a rate equal to Federal Minimum Wage, and they contend that a grant summary judgment in their favor and against Schoepflin is appropriate because they are entitled to judgment as a matter of law. Plaintiffs ask the Court to award them a total of $255,067.94; which is the sum of $96,548.92 in unpaid overtime, $13,796.80 in unpaid minimum wages, $110,345.72 in liquidated damages; and $34,376.50 in attorneys' fees and court costs.

5

Schoepflin did not file a Response opposing Plaintiffs' summary judgment motion, failed to attend the scheduled ADR conference as ordered by the Court, and did not respond to the Court's show cause order.  Local Rule 16-6.05 sets forth reporting requirements for matters that have been referred for ADR, and cautions parties that Neutrals shall inform the Court of any willful or negligent failure to attend any ADR conference, to substantially comply with the Court's referral Order, or otherwise participate in the ADR process in good faith.. E.D.Mo. L.R. 16-6.05(A).  This local rule also warns parties that the Court may impose any sanctions deemed appropriate for non-compliance.  *Id*.

Furthermore, Schoepflin has neglected to communicate with the Court in accordance with procedural rules, and has failed to provide the Court or Plaintiffs with an address or telephone number at which he may be contacted regarding the proceedings.  Local Rule 45-2.06 applies to actions brought by pro se plaintiffs such as Schoepflin, and directs every pro se party to promptly notify the Clerk and all other parties of any change in his address and telephone number.  This rule also warns pro se litigants that, if mail directed to them is returned to the Court without a forwarding address, and the pro se litigants do not notify the Court of their change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.  E.D.Mo. L.R. 45.2.06(B).

Plaintiffs have satisfied their initial responsibility by informing the court of the basis for their motion and identifying those portions of the record they believe demonstrate the absence of a genuine issue of fact.  *Togerson*, 643 F.3d at 1042.  Schoepflin has failed to participate in the proceedings, and, although directed by a show cause order to respond, has  failed to reply to Plaintiffs' motion.  Because Schoepflin has failed to submit evidentiary materials setting out specific facts showing that there is a genuine issue for trial, summary judgment in favor of

6

Plaintiffs is proper. *See id.* (standard of review); *Olson*, 943 F.2d at 883 (same). *See also, Chao v. Barbeque Ventures, LLC*, 547 F.3d 938 (8th Cir. 2008) (liquidated damages); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078 (8th Cir. 2000) (compensation of non-exempt employees at overtime rates for time worked in excess of statutorily defined maximum hours); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353 (8th Cir. 1986) (violation of minimum wage requirement of Fair Labor Standards Act). The Court will grant Plaintiffs' Motion for Summary Judgment.

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiffs' Motion for Summary Judgment on All Counts of their Complaint against Defendant Sean Schoepflin" [ECF No. 71] is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment is entered on Counts I-V of Plaintiffs' Complaint against Defendant Sean Schoepflin in the amount of $255,067.94 in damages and attorney's fees. This amount is the sum of: $96,548.92 in unpaid overtime; $13,796.80 in unpaid minimum wages; $110,345.72 in liquidated damages; and $34,376.50 in attorney's fees and court costs.

Dated this  16th  day of August, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE